### L. C. Perks et al., Appellants, v. Richard D. Perkins et al., Appellees.

1. APPEALS AND ERRORS—*when abstract insufficient.* An abstract' which is not an abridgment of the record but which sets forth the evidence in the case in full is not a compliance with rule 23 of the Appellate Court of the 4th district.

2. APPEALS AND ERRORS—*when finding of chancellor not disturbed.* Where there is a decided conflict in the testimony the finding of the chancellor based thereon will not be disturbed if the record contains sufficient competent evidence to sustain such finding.

Foreclosure. Appeal from the Circuit Court of Pulaski county; the Hon. A. W. LEWIS, Judge, presiding. Heard in this court at the March term, 1910. Affirmed. Opinion filed November 12, 1910.

CHARLES L. RICE, for appellants.

WALL & MARTIN, for appellees.

MR. JUSTICE SHIRLEY delivered the opinion of the court.

Rule 23 of this court requires a party bringing a cause here to furnish a complete indexed abstract or abridgment of the record. The so-called abstract in this case is no abstract at all. Instead of being an abridgment of the record, it sets forth the evidence in the case in full. This is not a compliance with the rule; besides it entails much unnecessary labor on this court.

This was a bill to foreclose a mortgage on real estate

executed by appellee Perkins and wife to one Charles S. Britton to secure a note payable to Britton and alleged to have been assigned by Britton to appellants for a valuable consideration.

The defendants answered admitting the execution of the note and mortgage to Britton but denying that Britton had assigned the same to appellants for a valuable consideration or that any sum was due upon said note. It was averred in the answer that appellee, Richard D. Perkins, borrowed the sum of $265.96 from appellants, giving them a chattel mortgage as security, and that with the money so borrowed he paid off to Britton all that remained due upon the note and mortgage and the same were delivered to appellee Perkins but that under the pretense of wanting the note and mortgage to compute the interest the appellant Perks got possession of them.

The cause was referred to the master who took the testimony and upon a hearing the court found the equities with appellees and dismissed the bill.

It appears from the evidence that appellants purchased a small tract of land containing thirty-eight acres from appellee Perkins receiving a deed therefor, and at the time of such conveyance the mortgage described in the bill had been executed and was held by Britton. The mortgage covered the land conveyed to appellants and also the other two acres of the forty acre tract. At the time of the conveyance to appellants they were not aware of the outstanding mortgage held by Britton, although it was a matter of record and was a prior lien.

When it was discovered by appellants that Britton held the mortgage, by an arrangement with appellee Perkins, appellants furnished the money to pay off the mortgage note held by Britton and when it was paid they took an assignment from Britton of the note. At the same time appellee executed to appellants a chattel mortgage to secure a note payable one year after date for the sum of $284.57, which is still unpaid.

It was claimed by appellee Perkins that the chattel mortgage was given appellants as the only security for the amount paid Britton due on the real estate mortgage; that when so paid it was completely discharged and that appellant Perks got possession of the Britton note and mortgage on the pretense that he desired to calculate the amount, and the same was not an existing lien upon the land. Appellants claimed it was an existing lien; that they took an assignment of it in good faith; that the chattel mortgage executed by Perkins was given as an additional security only and this was the controverted question between the parties.

Appellee Perkins testified that appellant Perks when he discovered Britton held the mortgage, asked him what he had to sell to pay it; that he Perks would pay it. Appellee said he had some mules, a cow, and a wagon. Perks said "If I will pay the note off will you give me a chattel mortgage on the property," and appellee said he would; that Perks then told him to get Britton and he would pay it off and take the chattel mortgage. Perkins further testified that the parties met at the Bank where the note was paid, when appellee objected to the amount of interest and Perks asked to let him have the note and he would calculate the interest and that Perks said he would send appellee the note and mortgage by mail. Appellee further testified that Perks did not send him the note and mortgage and that two or three months afterwards he told Perks he had not sent it and Perks replied "he had not figured it yet."

Britton testified Perks paid the amount of the note about $262 and that he assigned it to him at the time it was paid. Appellee stated he did not know that Britton assigned the note to appellants and that he was unable to read or write. It also appears from the evidence that while the amount of the indebtedness to Britton was about $262, the chattel mortgage was given to secure a note for the sum of $284.57.

It appears from the testimony that the two acres of the forty acres which was covered by the Britton mortgage and not included in the deed to appellants had been conveyed by appellee to his daughter, Edna Purchase, who with her husband, had built a small house and made other improvements upon it, to the value of about $350. Noble Purchase, the husband of Edna, testified that after the payment of the Britton mortgage appellant Perks made an effort to buy the two acres from them and upon their declining to sell said he would get it anyhow.

Appellee denies there was any agreement between appellants and himself that the note and mortgage of Britton should be assigned to appellants, nor does any such agreement appear from the testimony except that of Perks who testified that the chattel mortgage was given as an additional security for the money he paid Britton.

Appellant Perks testified that the statement of Perkins that he took the note and mortgage to examine and see if the interest was correctly computed, was not true, and he also denied the conversation with Purchase relative to the offer to buy the two acres.

It will be seen there was a decided conflict in the testimony as to whether the chattel mortgage was given as the only security for the payment of the Britton mortgage, and that it was thereby discharged and cancelled, or whether it was by agreement of the parties assigned to appellants to be kept alive for their benefit as an additional indemnity or security to the chattel mortgage, and while the burden was on appellees to prove the averments of their answer by the greater weight of the evidence, we are not disposed to disturb the finding of the chancellor in this regard, and we are of opinion there was sufficient competent evidence to sustain the finding.

The decree of the Circuit Court will be affirmed.

*Affirmed.*